# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 OCT 17 AM 9 33

STEPHAN HARRIS, CLERK
CHEYENNE

MICHELLE HASBROUCK,

    Plaintiff,

    v.

STARR INDEMNITY & LIABILITY
COMPANY, a New York company, STARR
COMPANIES, a New York corporation,
MED-SENSE GUARANTEED
ASSOCIATION, an Illinois corporation, and
HEALTH INSURANCE INNOVATIONS
INC., a Florida corporation,

    Defendants.

Case No. 13-CV-174-J

---

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
AND
OPINION AND ORDER GRANTING DEFENDANT MED-SENSE GUARANTEED
ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT
AND
OPINION AND ORDER GRANTING DEFENDANT HEALTH INSURANCE
INNOVATION, INC.'S MOTION FOR SUMMARY JUDGMENT
AND
OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS STARR INDEMNITY & LIABILITY COMPANY AND STARR
COMPANIES' MOTION FOR PARTIAL SUMMARY JUDGMENT
AND
OPINION AND ORDER DENYING DEFENDANT HEALTH INSURANCE
INNOVATIONS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND
OPINION AND ORDER DENYING DEFENDANT MED-SENSE GUARANTEED
ASSOCIATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

The following have come before the Court for consideration: Plaintiff's "Motion for Partial Summary Judgment as Against Defendant Starr Indemnity and Liability Company/Starr Companies" (Doc. No. 61) and Defendants Starr Indemnity & Liability Company's and Starr Companies' response (Doc. No. 69); Defendant Med-Sense Guaranteed Association's "Motion for Summary Judgment" (Doc. No. 65), the Plaintiff's response (Doc. No. 70), and Defendant Med-Sense Guaranteed Association's reply (Doc. No. 72); Defendant Health Insurance Innovations, Inc.'s "Motion for Summary Judgment" (Doc. No. 67), the Plaintiff's response (Doc. No. 71), and Defendant Health Insurance Innovation's reply (Doc. No. 73); Defendants Starr Indemnity & Liability Company and Starr Companies' "Motion for Partial Summary Judgment" (Doc. No. 77), Plaintiff's response (Doc. No. 89), and Defendants Starr's reply (Doc. No. 95); Defendant Health Insurance Innovations, Inc.'s "Motion for Partial Summary Judgment" (Doc. No. 79), Plaintiff's response (Doc. No. 87), and Defendant Health Insurance Innovations, Inc.'s reply (Doc. No. 94); and Defendant Med-Sense Guaranteed Association's "Motion for Partial Summary Judgment" (Doc. No. 81), Plaintiff's response (Doc. No. 88), and Defendant Med-Sense Guaranteed Association's reply (Doc. No. 93).

After reviewing the parties' submissions, the applicable law, and being fully advised, the Court finds that Plaintiff's motion for summary judgment (Doc. No. 61) should be **DENIED**, Defendant Med-Sense Guaranteed Association's motion for summary judgment (Doc. No. 65) should be **GRANTED**, Defendant Health Insurance Innovations, Inc.'s motion for summary judgment (Doc. No. 67) should be **GRANTED**, Defendants Starr Indemnity & Liability Company and Starr Companies' partial motion for summary judgment (Doc. No. 77) should be **GRANTED IN PART** and **DENIED IN PART** for the reasons stated below. The Court further finds that Defendant Health Insurance Innovations, Inc.'s motion for partial summary judgment

(Doc. No. 79) and Defendant Med-Sense Guaranteed Association's motion for partial summary judgment (Doc. No. 81) should be **DENIED AS MOOT**.

## BACKGROUND

In May of 2012, Plaintiff Michelle Hasbrouck purchased a second six-month Short Term Medical Insurance ("STMI") plan. Defendants Starr Companies and Star Indemnity & Liability Company ("Defendants Starr") underwrite the STMI plan. Defendants Starr have an agreement with Defendant Health Insurance Innovations, Inc. ("Defendant HII") to market the STMI plan. In Wyoming, the STMI plan is available to members of Med-Sense Guaranteed Association. Defendant Med-Sense Guaranteed Association ("Defendant MSGA") contracts with Defendant HII to provide marketing and administrative services. On July 18, 2012, Plaintiff became ill and was admitted to Wyoming Medical Center for treatment. Subsequently, Plaintiff submitted her medical bills for payment.

On August 16, 2013, Plaintiff filed a Complaint alleging a breach of the implied duty of good faith and fair dealing in the handling of her insurance claim and a claim of fraud against each of the Defendants. Doc. No. 1. Plaintiff sought relief in the form of, among other damages, compensatory and consequential damages, damages for severe emotional distress, punitive damages, and reasonable attorney's fees. *Id.* On September 11, 2013, Defendants Starr approved payment of Plaintiff's claim in the amount of $11,268.96. Doc. No. 62.

On September 12, 2013, Defendants Starr filed an Answer generally denying Plaintiff's claims and asserting numerous affirmative defenses. Doc. No. 10. On September 17, 2013, Defendant HII filed an Answer also generally denying Plaintiff's claims and alleging various affirmative defenses. Doc. No. 14. On September 19, 2013, Defendant MSGA filed its Answer

to Plaintiff's Complaint, generally denying Plaintiff's claims and setting forth multiple affirmative defenses.

On May 15, 2014, Plaintiff filed a motion for partial summary judgment against Defendants Starr. Doc. No. 61. Defendants Starr responded to that motion on May 29, 2014. Doc. No. 69. Plaintiff did not file a reply or ask for oral argument. On May 23, 2013, Defendant MSGA filed a motion for summary judgment. Doc. No. 65. Plaintiff responded to that motion on June 6, 2014. Doc. No. 70. Defendant MSGA filed its reply on June 12, 2014. Doc. No. 72.

On May 28, 2014, Defendant HII filed a motion for summary judgment. Doc. No. 67. Plaintiff responded to that motion on June 10, 2014. Doc. No. 71. Defendant HII filed its reply on June 17, 2014. Doc. No. 73. On July 23, 2014, Defendants Starr filed a motion for partial summary judgment. Doc. No. 77. With leave of the Court, Plaintiff responded to that motion on August 19, 2014. Doc. No. 89. With leave of the Court, Defendants Starr filed their reply on September 2, 2014. Doc. No. 95.

On July 25, 2014, Defendant HII filed a motion for partial summary judgment. Doc. No. 79. Plaintiff responded that motion, with leave of the Court, on August 19, 2014. Doc. No. 88. Also with leave of the Court, Defendant HII filed its reply on September 2, 2014. Doc. No. 93.

On July 25, 2014, Defendant MSGA filed a motion for partial summary judgment. Doc. No. 81. Plaintiff responded to that motion with leave of the Court on August 19, 2014. Doc. No. 88. Also with leave of the Court, Defendant MSGA filed its reply on September 2, 2014. Doc. No. 94.

The Court finds that these matters are fully briefed and are ripe for disposition. First, the Court will address the question of jurisdiction. The Court will then analyze the questions related to the alleged breach of the implied duty of good faith and fair dealing. Next, the Court will

consider the questions related to Plaintiff's claim of fraud. Finally, the Court will address Defendant HII's and Defendant MSGA's motions for partial summary judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is genuine if a reasonable juror could resolve the disputed fact in favor of either side. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is material if under the substantive law it is essential to the proper disposition of the claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). When the Court considers the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor." *Anderson*, 477 U.S. at 255.

The party moving for summary judgment has the burden of establishing the nonexistence of a genuine dispute of material fact. *Lynch v. Barrett*, 703 F.3d 1153, 1158 (10th Cir. 2013). The moving party can satisfy this burden by either (1) offering affirmative evidence that negates an essential element of the nonmoving party's claim, or (2) demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c)(1)(A)–(B).

Once the moving party satisfies this initial burden, the nonmoving party must support its contention that a genuine dispute of material fact exists either by (1) citing to particular materials in the record, or (2) showing that the materials cited by the moving party do not establish the absence of a genuine dispute. *See id.* The nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive a summary judgment motion, the

5

nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Further, when opposing summary judgment, the nonmoving party cannot rest on allegations or denials in the pleadings but must set forth specific facts showing that there is a genuine dispute of material fact for trial. *See Travis v. Park City Mun. Corp.*, 565 F.3d 1252, 1258 (10th Cir. 2009).

When considering a motion for summary judgment, the court's role is not to weigh the evidence and decide the truth of the matter, but rather to determine whether a genuine dispute of material fact exists for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the fact-finder, not the court. *Id.* at 255.

## DISCUSSION

The Court will first address Defendant MSGA's contention that the Court lacks subject matter jurisdiction. The Court will then address the various issues raised with regard to Plaintiff's cause of action for the breach of the implied duty of good faith and fair dealing. Next, the Court will address Plaintiff's cause of action for fraud. Finally, the Court will address Defendant MSGA's and Defendant HII's partial motions for summary judgment on the issue of punitive damages.

## I. Jurisdiction

The first question the Court must address is whether under 28 U.S.C. § 1332(a) it lacks jurisdiction over Defendant MSGA. In particular, Defendant MSGA contends that the amount in controversy does not exceed the sum or value of $75,000. The Court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a) (2012). The Tenth Circuit

Court of Appeals laid out the test to apply when determining whether the jurisdictional amount is satisfied: "When faced with a challenge to the amount in controversy, the party seeking to assert federal court jurisdiction . . . must demonstrate the potential to recover over $75,000 on its claims." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1171 (10th Cir. 2011). Once the party seeking to assert federal court jurisdiction "has met its prima facie obligation to establish the amount in controversy, then the defendant has an opportunity to challenge that showing." *Id.* However,

> this circuit has cautioned that "[t]he legal certainty standard is very strict . . . . [I]t is difficult for a dismissal to be premised on the basis that the requisite jurisdictional amount is not satisfied." Dismissal on amount-in-controversy grounds is generally "warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction."

*Id.* (quoting *Woodman of World Life Ins. Soc. v. Manganaro*, 342 F.3d 1213, 1217 (10th Cir. 2003)). In the end, "[t]here is a strong presumption favoring the amount alleged by the plaintiff." *Woodman of World Life Ins. Soc.*, 342 F.3d at 1217.

Defendant MSGA challenged the jurisdictional amount at issue in this case by arguing that Mrs. Hasbrouck only paid $322.50 in membership dues, and therefore she would need to recover $74,500 in punitive damages to meet the jurisdictional amount. Plaintiff asserts that the amount in controversy is satisfied because the possible compensatory damages awards for the torts of bad faith and fraud could include damages for emotional distress, the punitive damages ratio from compensatory damages including damages for emotional distress could exceed $75,000, and attorney's fees may be awarded.

Under Wyoming law, compensatory damages for a breach of the implied duty of good faith and fair dealing include damages for emotional distress. *State Farm Mut. Auto. Ins. Co. v. Shrader*, 882 P.2d 813, 833 (Wyo. 1994). The Wyoming Supreme Court stated that "to recover

damages for emotional distress, the insured must allege that as a result of the breach of the implied duty of good faith and fair dealing, the insured has suffered substantial other damages, such as economic loss, in addition to the emotional distress." *Id.* The court explained that "economic losses may include loss of earnings, inability to pay creditors, loss of business, costs of litigation brought against the insured as a result of the breach and medical expenses." *Id.* at 834.

Additionally, for the purposes of diversity jurisdiction, a reasonable estimate of attorney's fees may be used in calculating the amount in controversy requirement when a statute permits recovery for attorney's fees. *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 2002 (1933); *Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) (citing *Jones*, 290 U.S. at 202); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Jones*, 290 U.S. at 202). Under § 26-15-124 of the Wyoming Statutes, in a cause of action for bad faith "if it is determined that the company refuses to pay the full amount of a loss covered by the policy and that the refusal is unreasonable or without cause, any court in which judgment is rendered for a claimant may also award a reasonable sum as an attorney's fee."

Here, Plaintiff alleged that because of Defendant MSGA's bad faith, she was unable to pay her medical expenses. Doc. No. 1. Plaintiff's inability to pay resulted in her medical expenses being referred to a collection agency. *Id.* Thus, Plaintiff could conceivably recover damages for emotional distress related to her bad faith claim. Plaintiff would only need to recover approximately $8,400 in compensatory and emotional distress damages for the punitive damages single-digit ratio to exceed $75,000. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). If Plaintiff were to ultimately succeed on her bad faith claim against

Defendant MSGA, she could also recover reasonable attorney's fees under the statute. Considering the strong presumption in favor of the amount alleged by the plaintiff and the fact that there is no law or contract that limits recovery in this case, the Court finds that the jurisdictional amount is satisfied. Accordingly, the Court finds that it has diversity jurisdiction over Plaintiff's claims against Defendant MSGA.

## II. Bad faith

The second question the Court must address relates to Plaintiff's claim of breach of the implied duty of good faith and fair dealing. In the Complaint, Plaintiff asserted a claim for relief for the breach of the implied duty of good faith and fair dealing against each of the Defendants. Doc. No. 1. Plaintiff moved for partial summary judgment against Defendants Starr on her claim of bad faith. Doc. No. 61. Defendants Starr moved for partial summary judgment on Plaintiff's claim for punitive damages for bad faith. Doc. No. 77. Defendants MSGA and HII both independently moved for summary judgment on the claim of bad faith. Docs. No. 65, 67. Each motion will be discussed in turn.

### A. There are genuine disputes of material fact in Plaintiff's claim of bad faith against Defendants Starr Indemnity & Liability Company and Starr Company.

The issue presented by Plaintiff's partial motion for summary judgment is whether there is no genuine dispute of any material fact that would preclude the Court from granting summary judgment in favor of Plaintiff on her claim of breach of the implied duty of good faith and fair dealing. Part of the difficulty in this case arises from determining whether Plaintiff's bad faith claim is based on a denial of payment, a delay of payment, or both. Plaintiff seems to assert both in her motion. Doc. No. 62 ("Moreover, Starr knew it had no grounds to reject the claim, but delayed and denied payment nevertheless. Starr's behavior in this regard is per se insurance bad faith."). In her Complaint, Plaintiff alleged only that "Defendants have wrongfully and

9

unreasonably denied health insurance benefits." Doc. No. 1. However, after the filing of the Complaint, Defendants Starr paid $11,268.96 on Plaintiff's insurance claim. Doc. No. 62. Plaintiff alleges that her medical bills incurred in treating the serotonin syndrome totaled $23,331.88. *Id.* On the other hand, Defendants Starr contend that Plaintiff's bad faith claim is only for a delay of payment. Doc. No. 69.

Wyoming recognizes "that a breach of the implied covenant of good faith and fair dealing which rises to the level of an independent tort is actionable for compensatory and punitive damages under proper circumstances." *Cathcart v. State Farm Mut. Auto. Ins. Co.*, 2005 WY 154, ¶ 24, 123 P.3d 579, 589 (Wyo. 2005) (quoting *State Farm Mutual Auto. Ins. Co. v. Shrader*, 882 P.2d 813, 825 (Wyo. 1994)) (internal quotation marks omitted). However, the distinction between a bad faith claim based on a denial of payment and a bad faith claim based on a delay of payment is important.

To prevail in an action for bad faith *denial of payment* against an insurance company, the plaintiff must prove (1) that there was a policy of insurance; (2) that the plaintiff was an insured under the policy and was entitled to claim benefits directly under the policy; (3) that the insurer denied payment of benefits that were owed to the Plaintiff under the policy without a reasonable basis for doing so; (4) that the conduct of the insurer caused the Plaintiff damages; and (5) that the insurer acted with knowledge of, or in reckless disregard of, the absence of a reasonable basis to deny payment of benefits. *E.g.*, *Cathcart v. State Farm Mut. Auto. Ins., Co.*, 2005 WY 154, ¶ 25, 123 P.3d 579, 589 (Wyo. 2005); *McCullough v. Golden Rule Ins. Co.*, 789 P.2d 855, 860–61 (Wyo. 1990).

On the other hand, to prevail in an action for bad faith *delay of payment* against an insurance company, the plaintiff must prove (1) that there was a policy of insurance; (2) that the

plaintiff was an insured under the policy of insurance and was entitled to claim benefits directly under the policy; (3) that the defendant insurer delayed payment due under the policy without a reasonable basis for doing so; (4) that in delaying payment, the defendant insurer not only acted without justification, but acted intentionally and used deceit, nondisclosure, reneging on promises, violation of industry custom, or deliberate attempts to confuse or conceal; and (5) that the conduct of the insurer caused the plaintiff damages. *E.g.*, *Farmers Insurance Exchange v. Shirley*, 958 P.2d 1040 (Wyo. 1998); *Darlow v. Farmers Ins. Exchange*, 822 P.2d 820 (Wyo. 1991).

When considering a motion for summary judgment, a genuine dispute on one material fact defeats a motion for summary judgment. Fed. R. Civ. P. 56(a). The Court finds there are many genuine disputes of material fact with regard to Plaintiff's bad faith claim against Defendants Starr. By way of example, Plaintiff asserts that Defendants Starr's delay of payments was unjustified. Doc. No. 62. Defendants Starr contests that assertion by claiming that Mrs. Hasbrouck's own actions in failing to timely respond to requests for a list of medical providers. Doc. No. 69. A reasonable juror could resolve the question of unjustified delay in favor of either side. The Court finds there are many other genuine disputes of material fact that ultimately preclude the Court from granting summary judgment in favor of the Plaintiff on her claim of bad faith against Defendants Starr.

**B. There are genuine disputes of material fact on the question of punitive damages in the Plaintiff's claim of bad faith against Defendants Starr Indemnity & Liability Company and Starr Company.**

The second issue related to Plaintiff's bad faith claim is whether there are genuine disputes of material fact in regard to punitive damages that would preclude the Court from granting summary judgment in favor of Defendants Starr. Defendants Starr argue that Plaintiff

cannot recover punitive damages on her bad faith claim. Doc. No. 78. The Wyoming Supreme

Court addressed punitive damages in the context of bad faith:

> Punitive damages may be awarded when an insurer breaches the duty of good faith and fair dealing. However, to award punitive damages for the intentional tort, willful and wanton misconduct must be proven. We recognize: "Sometimes the line between conduct justifying punitive damages and less culpable conduct is fine." However, our system of justice utilizes the ability of the fact finder, the jury, to make precisely such "fine" distinctions.

*State Farm Mut. Auto. Ins. Co. v. Shrader*, 882 P.2d 813, 836-37 (Wyo. 1994) (quoting

*Mayflower Restaurant Co. v. Griego*, 741 P.2d 1106, 1116 (Wyo. 1987)) (citing *Golden Rule*

*Ins. Co.*, 789 P.2d at 860–61; *Danculovich v. Brown*, 593 P.2d 187, 191 (Wyo. 1979)). The

Wyoming Supreme Court "has repeatedly treated the question of whether conduct was willful

and wanton as a question of fact." *Errington v. Zolessi*, 9 P.3d 966, 973 (quoting *Shrader*, 882

P.2d at 837 (Wyo.1994); *Thunder Hawk By and Through Jensen v. Union Pacific R. Co.*, 844

P.2d 1045, 1051 (Wyo.1992)).

Defendants Starr argue that the appropriate standard for punitive damages in the context

of bad faith goes beyond willful and wanton conduct and instead requires that the Plaintiff must

show the Defendants "acted with oppression, fraud, or malice in delaying the payment of

Plaintiff's claims." Doc. No. 78. The Wyoming Supreme Court rejected that standard:

> [I]n *McCullough*, we quoted from the Supreme Court of Wisconsin's decision . . . to illustrate that aggravating circumstances are required for punitive damages for a breach of the duty of good faith and fair dealing. The Wisconsin court requires proof of oppression, fraud, or malice to recover punitive damages. However, this court has chosen to "remain consistent" with existing Wyoming law and award punitive damages on proof of willful and wanton misconduct.

*Shrader*, 882 P.2d at 837 (citing *McCullough*, 789 P.2d at 961; *Anderson v. Continental Ins. Co.*,

271 N.W.2d 368, 379 (Wis. 1978)); *see also Shirley*, 958 P.2d at 1051–52. Accordingly, willful

and wanton misconduct remains the standard under which to evaluate punitive damages in a

claim of breach of the implied duty of good faith and fair dealing.

The Court finds there are disputed facts that a reasonable juror could resolve in favor of either side with regard to willful and wanton misconduct on the part of Defendants Starr. For example, Plaintiff argues that the timing of paying Mrs. Hasbrouck's claim is evidence of willful and wanton conduct. Doc. No. 89. Believing the evidence of the Plaintiff and drawing all justifiable inferences, the Court finds there is a genuine dispute of material fact regarding whether Defendants Starr's conduct amounts to willful and wanton misconduct.

### C. There are no genuine disputes of any material fact in Plaintiff's claim of breach of the implied duty of good faith and fair dealing against Defendant Med-Sense Guaranteed Association.

The third issue is whether there are genuine disputes of material fact that would preclude the Court from granting summary judgment in favor of Defendant MSGA on Plaintiff's bad faith claim. Defendant MSGA argues that it cannot be liable for a breach of the implied duty of good faith and fair dealing because it is not an insurer. In her Complaint, Plaintiff alleged the following:

> Defendants violated their duty of good faith and fair dealing to the Plaintiff because at the time of filing this suit, Defendants did not, nor do they now, have a reasonably basis for denying Plaintiff's claimed health insurance benefits and, further, because Defendants knew or recklessly disregarded the fact that they have no reasonable basis for denying such benefits.

Doc. No. 1.

As discussed above, an insurer can be held liable in tort for a breach of the implied duty of good faith and fair dealing. *E.g.*, *Cathcart*, 2005 WY 154 at ¶ 25, 123 P.3d at 589; *Shirley*, 958 P.2d 1040; *Golden Rule Ins. Co.*, 789 P.2d at 860–61. The Tenth Circuit Court of Appeals recognized that "[u]nder Wyoming law, a bad faith claim is an independent tort action based on the theory that *insurers* owe a duty of good faith to policyholders not to unreasonably deny a claim for benefits under the policy." *Marathon Ashland Pipeline LLC v. Maryland Cas. Co.*, 243

F.3d 1232, 1246 (10th Cir. 2001) (emphasis added) (citing *McCullough*, 789 P.2d at 857–58). A key consideration in a claim of bad faith for a denial or delay of an insurance claim payment is whether the defendant is an insurer.

Here, Defendant MSGA is not an insurer. Doc. No. 66. Plaint apparently does not disagree. *See* Doc. No. 70. Instead, Plaintiff asserts that Defendant MSGA's board of directors breached its duty of loyalty to the corporation. *Id.* Plaintiff did not allege this claim in her Complaint. *See* Doc. No. 1. Plaintiff only alleged that Defendant MSGA breached its implied duty of good faith and fair dealing by "wrongfully and unreasonably [denying] health insurance benefits." *Id.*

Plaintiff did not seek to amend her Complaint. As the Tenth Circuit Court of Appeals explained, "An issue raised for the first time in a motion for summary judgment may properly be considered a request to amend the complaint, pursuant Federal Rule of Civil Procedure 15." *Pater v. City of Casper*, 646 F.3d 1290, 1299 (10th Cir. 2011) (citing *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 790 n. 9 (10th Cir.1998)). Rule 15 mandates that the Court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). The Tenth Circuit Court of Appeals further explained "a court properly denies leave where 'a late shift in the thrust of the case will [ ] prejudice the other party in maintaining his defense upon the merits.'" *Pater*, 646 F.3d at 1299 (quoting *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090–91 (10th Cir.1991)). Additionally, "[t]he liberalized pleading rules do not allow plaintiffs 'to wait until the last minute to ascertain and refine the theories on which they intend to build their case.'" *Id.* (quoting *Evans*, 936 F.2d at 1090–91). When the party seeking to amend by asserting a new claim in a motion for summary judgment has no adequate explanation for the delay, "untimeliness alone is a

sufficient reason to deny leave." *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993)) (internal quotation marks omitted).

Here, Plaintiff made a late shift from asserting a breach of the implied duty of good faith and fair dealing to a breach of the duty of loyalty. Plaintiff provided no explanation for the delay in asserting the new claim. Accordingly, the Court does not grant Plaintiff leave to amend in regard to the new claim for the breach of the duty of loyalty. The Court further finds that there are no genuine disputes of any material fact as to whether Defendant MSGA is an insurer. Accordingly, Defendant MSGA is entitled to judgment as a matter of law on Plaintiff's bad faith claim. Based on this holding, the arguments related to statutory attorney's fees under Wyo. Stat. Ann. § 26-15-124 are moot.

**D. There are no genuine disputes of any material fact in Plaintiff's claim of breach of the implied duty of good faith and fair dealing against Defendant Health Insurance Innovations, Inc.**

The final issue related to Plaintiff's bad faith claim is nearly identical to the third issue. The question is whether there are genuine disputes of material fact that preclude the Court from granting summary judgment in favor of Defendant HII with respect to Plaintiff's bad faith claim. Defendant HII argues it is not an insurer. Doc. No. 72. Plaintiff seems to concede this fact. *See* Doc. No. 71. As stated above, only insurers can be liable for claim bad faith in denying or delaying insurance claim payments. *E.g.*, *Cathcart*, 2005 WY 154, ¶ 25, 123 P.3d 579. The Court finds there are no genuine disputes of any material fact relating to Plaintiff's claim of bad faith against Defendant HII. Accordingly, Defendant HII is entitled to judgment as a matter of law on Plaintiff's bad faith claim. Based on this holding, the arguments related to statutory attorney's fees under Wyo. Stat. Ann. § 26-15-124 are moot.

## III. Fraud

The third question the Court must address relates to Plaintiff's fraud claim. In the Complaint, Plaintiff asserted a claim of fraud against each of the Defendants. Doc. No. 1. The issue the Court must decide is whether there is a genuine dispute of material fact in Plaintiff's claim of fraud against each of the Defendants. All three Defendants moved for summary judgment on Plaintiff's fraud claim.

Under Wyoming law, "[t]he elements of a claim for relief for fraud are a false representation made by the defendant which is relied upon by the plaintiff to his damage, the asserted false representation must be made to induce action, and the plaintiff must reasonably believe the representation to be true." *White v. Shane Edeburn Const., LLC*, 2012 WY 118, ¶ 26, 285 P.3d 949, 957 (Wyo. 2012) (quoting *Osborn v. Emporium Videos*, 870 P.2d 382, 383 (Wyo. 1994)) (internal quotation marks omitted). Additionally, "[c]onduct or words which tend to produce an erroneous impression may satisfy the plaintiff's burden." *Claman v. Popp*, 2012 WY 92, ¶ 43, 279 P.3d 1003, 1016 (Wyo. 2012) (quoting *Alexander v. Meduna*, 2002 WY 83, ¶ 25, 47 P.3d 206, 215 (Wyo. 2002)); *see also Britton v. Bill Anselmia Pontiac-Buick-GMC, Inc.*, 786 P.2d 855, 860 (Wyo. 1990) ("Evidence of any active conduct or words . . . which tended to produce an erroneous impression might sufficiently satisfy that burden if those half truths had the effect of lies."). The Wyoming Supreme Court further stated that "[a] plaintiff who alleges fraud must do so clearly and distinctly . . . . Fraud must be established by clear, unequivocal and convincing evidence, and will never be presumed." *Shane Edeburn Const., LLC*, 2012 WY 118 at ¶ 26, 285 P.3d at 957 (quoting *Osborn*, 870 P.2d at 837) (internal quotation marks omitted).

Another difficulty facing the Court is determining what representations, conduct, or words are alleged to have occurred on the part of which Defendant. Below the Court attempted

to separate the alleged representations, conduct, or words made by each Defendant to aid in determining whether there is a genuine dispute of material fact with regard to Plaintiff's fraud claim against each of the Defendants.

**A. There is no genuine dispute of any material fact in Plaintiff's fraud claim against Defendants Starr Indemnity & Liability Company and Starr Companies.**

The first issue the Court must address is whether there are any genuine disputes of material fact in Plaintiff's claim of fraud against Defendants Starr. In her Complaint, Plaintiff asserted the following against Defendants Starr: (1) the web-based advertisements that Defendants Starr created or approved "falsely purported to be selling real health insurance;" (2) Defendants Starr "failed to truthfully advise Plaintiff as to the very limited nature of her health insurance coverage and failed to make a full and fair disclosure of this limited health insurance coverage upon inquiry by Plaintiff;" (3) Plaintiff relied "upon assurances that she had comprehensive health insurance or 'major medical insurance' coverage for herself and her family;" (4) Defendants Starr "engaged in conduct intended to produce the erroneous impression that Plaintiff purchased health insurance that immediately covered medical care and hospitalization;" (5) Defendants Starr "failed to truthfully advise Plaintiff as to the very limited nature of her health insurance coverage and failed to make a full and fair disclosure of this limited health insurance coverage upon inquiry by Plaintiff;" and (5) Defendants Starr "misrepresented the extent of health insurance coverage they were selling to Plaintiff." Doc. No. 1.

Defendants Starr moved for partial summary judgment on Plaintiff's claim of fraud. Doc. No. 78. Defendants Starr argue that Plaintiff is unable to identify any false representation made to Plaintiff that induced her into purchasing the policy. *Id.* Defendants Starr point to two statements identified by Mrs. Hasbrouck. First, that Mrs. Hasbrouck was led to believe that she

17

was purchasing "major medical" insurance. *Id.* Second, that Mrs. Hasbrouck was also led to believe that her insurance policy had a $1,000 deductible, $50 co-pay, and that the insurance company would pay the rest once the 80/20 co-pay of $5,000 was met. *Id.*

In response to Defendants Starr's motion for partial summary judgment, Plaintiff asserts that Defendants Starr did the following: (1) Defendants Starr are "selling an insurance product through a bogus association;" (2) Defendants Starr's "marketing and sales materials create the false impression that consumers are enrolled in a group medical plan that offers the same protections as they would have when covered through an employer's group health plan;" (3) Defendants Starr did not provide "price transparency" or tell Plaintiff that "a substantial portion of the monthly payment does not go towards insurance premiums;" (4) "Starr's STMI product is marketed by comparing it to major medical insurance, which is patently misleading;" and (5) that the affiliation with Defendant MSGA creates a public perception that the health insurance offered by Defendants Starr is "like the kind of health insurance offered by employers." Doc. No. 89.

Plaintiff's allegations of fraudulent conduct on the part of Defendants Starr can be summarized into four basic issues. The first issue relates to the extent of Plaintiff's insurance coverage, including the assertions that the STMI offers coverage like a group or employer plan. The second issue centers on comparing the STMI plan to major medical insurance. The third issue concerns the act of selling insurance through a "bogus" association. The final issue is Defendants Starr's alleged failure to provide "price transparency."

With regard to the extent of coverage, Plaintiff alleged fraud on the part of Defendants Starr by not advising her of the limited nature of her health insurance coverage, falsely informing her of the terms of her coverage, and that the STMI offers coverage like a group or employer

plan. Plaintiff has not identified any particular false representation made by Defendants Starr, or any particular conduct or words made by Defendants Starr that created an erroneous impression. Under Wyoming law, "[a] plaintiff who alleges fraud must do so clearly and distinctly." *Shane Edeburn Const., LLC*, 2012 WY 118 at ¶ 26, 285 P.3d at 957. The only particular words or conduct Plaintiff alleged were that she was led to believe that her insurance policy had a $1,000 deductible, $50 co-pays, and that the insurance company would pay the rest once the 80/20 co-pay of $5,000 was met. Those were in fact the terms of Plaintiff's insurance policy. Doc. No. 68-2, p. 96–97. The Court finds that Plaintiff failed to clearly and distinctly identify any false representations made by Defendants Starr or conduct or words made by Defendants Starr that created an erroneous impression in Mrs. Hasbrouck with regard to the extent and terms of her coverage.

Moreover, under Wyoming Law, "an insured has a duty to read his or her insurance policy." *W.N. McMurry Const. Co. v. Community First Ins., Inc. Wyo.*, 2007 WY 96, ¶ 14, 160 P.3d 71, 76 (Wyo. 2007). The Wyoming Supreme Court stated that "a failure to read one's insurance contract presents an absolute bar to recovery under contract and tort claims." *Broderick v. Dairyland Ins. Co.*, 2012 WY 22, ¶ 14, 270 P.3d 684, 690 (Wyo. 2012) (citing *W.N. McMurry Const. Co.*, 160 P.3d at 83). Plaintiff did not read her policy. Doc. No. 78-1, p. 120, 131. The Court finds that Plaintiff's failure to read her insurance policy creates an absolute bar to recovery on her fraud claim against Defendants Starr related to the extent and terms of her coverage.

Plaintiff next alleges that it was a false representation on the part of Defendants Starr to compare the STMI plan to major medical insurance. The Wyoming Department of Insurance approved the STMI plan as a "major medical" type insurance plan. Doc. No. 68-1, p. 35.

Plaintiff's expert witness recognized this fact, "Starr obtained approval from the State of Wyoming for its policy and application forms as 'major medical' (short term) . . . ." Doc. No. 60-1, p. 11. The Court finds there is no genuine dispute of material fact concerning Defendants Starr's representations that the STMI plan is like major medical insurance.

Finally, in her response to the motion for summary judgment, Plaintiff asserts that Defendants Starr were selling insurance through a bogus association and that Defendants Starr failed to provide "price transparency." Doc. No. 89. Those claims were not raised in Plaintiff's Complaint. *See* Doc. No. 1. Plaintiff did not provide any explanation for the delay in asserting the new claims. As explained above, when a party asserting a new claim in a motion for summary judgment fails to provide an adequate explanation for delay, a court may deny the claim as untimely. *Pater*, 646 F.3d at 1299. Accordingly, the Court denies Plaintiff leave to raise the new claims related to the legitimacy of the association and "price transparency."

Plaintiff failed to identify any false representation made by Defendants Starr or any conduct or words made by Defendants Starr that produced an erroneous impression sufficient to create a genuine dispute of material fact. As a result, the Court finds there is no genuine dispute as to any material fact regarding the claim of fraud made by Plaintiff against Defendants Starr. Accordingly, Defendants Starr are entitled to judgment as a matter of law on Plaintiff's fraud claim. Based on this holding, the issues related to punitive damages for Plaintiff's claim of fraud against Defendants Starr are moot.

## B. There is no genuine dispute of any material fact in Plaintiff's fraud claim against Defendant Med-Sense Guaranteed Association.

The second issue the Court must address is whether there are any genuine disputes of material fact in Plaintiff's claim of fraud against Defendant MSGA. In her Complaint, Plaintiff asserted the following against Defendant MSGA: (1) Defendant MSGA "failed to truthfully

advise Plaintiff as to the very limited nature of her health insurance coverage and failed to make a full and fair disclosure of this limited health insurance coverage upon inquiry by Plaintiff;" (2) Plaintiff relied "upon assurances that she had comprehensive health insurance or 'major medical insurance' coverage for herself and her family;" (3) Defendant MSGA "engaged in conduct intended to produce the erroneous impression that Plaintiff purchased health insurance that immediately covered medical care and hospitalization;" (4) that Defendant MSGA's "misleading advertisement . . . induced Plaintiff to purchase" the policy, and (6) Defendants MSGA "misrepresented the extent of health insurance coverage they were selling to Plaintiff." Doc. No. 1.

Defendant MSGA moved for summary judgment on Plaintiff's claim of fraud. Doc. No. 65. Defendant MSGA argues that Plaintiff failed to allege any fraudulent act on the part of Defendant MSGA. Doc. No. 66. Additionally, Defendant MSGA argues that Plaintiff failed to identify any false representation made by Defendant MSGA. *Id.*

In response, Plaintiff asserts the following: (1) that Defendant MSGA disseminated numerous documents that "produced an erroneous impression by Mrs. Hasbrouck" because, among other reasons, "all of MSGA's marketing materials are disseminated by HII and state that the product is underwritten by Starr Indemnity and Liability Company;" (2) that Plaintiff "was never advised that a substantial portion of her payments went towards . . . membership dues;" (3) that "Plaintiff did not know the funds charged to her credit card were paid to MSGA;" and (4) that "Plaintiff reasonably believed she was paying only for health insurance premiums and not for . . . membership dues to a bogus association." Doc. No. 70.

Plaintiff's allegations of fraudulent conduct on the part of Defendant MSGA can be summarized into four basis issues. The first two issues, the extent of Plaintiff's insurance

coverage and comparing the STMI plan to major medical insurance, are identical as to those raised against Defendants Starr. The third issue concerns documents disseminated by Defendant MSGA. The final issue centers on Plaintiff's membership in MSGA.

The issues of the extent of Plaintiff's coverage and comparing the STMI plan to major medical insurance are subject to the same analysis as above. The Court finds that Plaintiff failed to clearly and distinctly identify any false representations made by Defendant MSGA or any conduct or words made by Defendant MSGA that created an erroneous impression in Mrs. Hasbrouck with regard to the extent of her coverage. Moreover, Plaintiff's failure to read her policy acts as an absolute bar to recovery on the issue of the extent of her coverage. The Court also finds there is no genuine dispute of any material fact concerning Defendant MSGA's representations, if any were made, that the STMI Plan is like major medical insurance.

Plaintiff contends Defendant MSGA disseminated numerous documents that produced an erroneous impression. Doc. No 70. Plaintiff argues "all of MSGA's marketing materials . . . state that the product is underwritten by Starr Indemnity and Liability Company." *Id.* Plaintiff failed to identify the erroneous impression produced by this statement or how it induced her into purchasing the STMI plan. *Id.* Plaintiff also argues that the marketing materials "emphasize the Starr STMI policy and place a description of MSGA at the end of the brochure in smaller font." *Id.* Plaintiff again failed to identify the erroneous impression produced by the statement or how it induced her into purchasing the STMI plan.

As stated above, when opposing a motion for summary judgment, the nonmoving party cannot rest on allegations or denials in the pleadings but must set forth specific facts showing that there is a genuine dispute of material fact for trial. *See Travis,* 565 F.3d at 1258. Furthermore, a plaintiff alleging fraud "must do so clearly and distinctly." *Shane Edeburn*

22

*Const., LLC*, 2012 WY 118 at ¶ 26, 285 P.3d at 957 (quoting *Osborn*, 870 P.2d at 837) (internal

quotation marks omitted). The Court finds that Plaintiff has not set forth specific facts showing

there is a genuine dispute of material fact for trial with regard to the statements in the marketing

materials disseminated by Defendant MSGA.

Plaintiff next argues that she was unaware of her MSGA membership and membership

dues. Doc. No. 72. ("Plaintiff . . . was never advised that a substantial portion of her payments

went towards . . . membership dues incurred by MSGA . . . ."). Plaintiff testified under oath in

response to written interrogatories that on November 7, 2011, "I received email correspondence

from Member Services at support@hiiquote.com *regarding our membership with Med Sense*

*Guaranteed*, our application for Med Plus Short Term Medical Plan, what our premiums would

be each month . . . ." Doc. No. 66-1, p. 266 (emphasis added); *see also Id.* at 268. Plaintiff

reviewed and executed her STMI plan application, which included her enrollment in MSGA.

That application provided, in pertinent part: "I hereby enroll for membership in the Med-Sense

Guaranteed Association (MSGA) Emerald membership at a cost of $15.95 per month per

member." *Id.* at 247. Plaintiff testified during her deposition that "I do recall reviewing this

over the phone with the person on verification. She went through everything on here with me."

*Id.* at 233. The Court finds there is no genuine dispute of material fact that Plaintiff was unaware

of her MSGA membership and her MSGA membership fees.

Plaintiff failed to identify any false representation made by Defendant MSGA or any

conduct or words made by Defendant MSGA that produced an erroneous impression sufficient to

establish a genuine dispute of material fact in her claim of fraud against Defendant MSGA. The

Court finds there is no genuine dispute of material fact regarding the claim of fraud made by

Plaintiff against Defendant MSGA. Accordingly, Defendant MSGA is entitled to judgment as a matter of law on Plaintiff's fraud claim.

## C. There is no genuine dispute of any material fact in Plaintiff's fraud claim against Defendant Health Insurance Innovations, Inc.

The third issue the Court must address is whether there are any genuine disputes of material fact in Plaintiff's claim of fraud against Defendant HII. In her Complaint, Plaintiff asserted the following against Defendant HII: (1) "During the sales call with Plaintiff, Defendant Health Insurance Innovations perpetuated the false impression that the Starr Indemnity product was real health insurance;" (2) "Defendant Health Insurance Innovations did nothing to disabuse Plaintiff of the notion that she purchased real health insurance;" (3) Defendant HII "failed to truthfully advise Plaintiff as to the very limited nature of her health insurance coverage and failed to make a full and fair disclosure of this limited health insurance coverage upon inquiry by Plaintiff;" (4) that "[t]he misleading advertisement and the misleading sales call induced Plaintiff to purchase" the policy; (5) Plaintiff relied "upon assurances that she had comprehensive health insurance or 'major medical insurance' coverage for herself and her family;" (6) Defendant HII "engaged in conduct intended to produce the erroneous impression that Plaintiff purchased health insurance that immediately covered medical care and hospitalization." Doc. No. 1.

Defendant HII moved for summary judgment on Plaintiff's claim of fraud. Doc. No. 67. Defendant HII argues that Plaintiff failed to identify any false or misleading statement made by HII that induced Plaintiff to take action. *Id.*

In response to Defendant HII's motion for summary judgment, Plaintiff asserts the following: (1) numerous documents disseminated by HII produced an erroneous impression in Mrs. Hasbrouck, and (2) Mrs. Hasbrouck was never informed "that a substantial portion of her payments went towards administration . . . incurred by . . . HII." Doc. No.

Plaintiff's allegations of fraudulent conduct on the part of Defendant HII can be summarized into four basis issues. The first issue concerning the extent of Plaintiff's insurance coverage and the second issue concerning the statement comparing the STMI plan to a "major medical" plan are similar to the arguments made against Defendants Starr and Defendant MSGA. Third, Plaintiff alleges there were numerous documents disseminated by HII that produced an erroneous impression. Finally, Plaintiff alleges that she was unaware that part of her insurance payments went to Defendant HII.

The issues of the extent of Plaintiff's coverage and comparing the STMI plan to major medical insurance are subject to the same analysis as above. The Court finds that Plaintiff failed to clearly and distinctly identify any false representations made by Defendant HII or any conduct or words made by Defendant HII that created an erroneous impression with regard to the extent of her coverage. Moreover, Plaintiff's failure to read her policy acts as an absolute bar to recovery on the issue of the extent of her coverage. The Court also finds there is no genuine dispute of material fact concerning Defendant HII's representations that the STMI plan is like major medical insurance.

Plaintiff next contends Defendant HII disseminated numerous documents that produced an erroneous impression in Mrs. Hasbrouck. Plaintiff failed to cite a single document disseminated by Defendant HII. Additionally, Plaintiff did not state what the impression was or how it induced her into purchasing the STMI policy. A party opposing summary judgment must set forth specific facts showing there is a genuine dispute of material fact for trial. *See Travis*, 565 F.3d at 1258 (10th Cir. 2009). The Court finds that Plaintiff has not set forth specific facts showing that there is a genuine dispute of material fact for trial in regard to the documents allegedly disseminated by Defendant HII.

Finally, Plaintiff asserts that she was unaware of how her payments were being distributed. Doc. No. 71. This claim was not raised in Plaintiff's Complaint and Plaintiff never sought to amend her Complaint. As explained above, when a party asserting a new claim in a motion for summary judgment fails to provide an adequate explanation for delay, a court may deny the claim as untimely. *Pater*, 646 F.3d at 1299. Accordingly, the Court denies leave for the Plaintiff to raise the claim related to the distribution of her payments.

Plaintiff failed to identify any false representation made by Defendant HII or any conduct or words made by Defendant HII that produced an erroneous impression sufficient to create a genuine dispute of material fact in regard to her claim of fraud. The Court finds there is no genuine dispute of material fact regarding the claim of fraud made by Plaintiff against Defendant MSGA. Accordingly, Defendant MSGA is entitled to judgment as a matter of law on Plaintiff's fraud claim.

## IV. Defendant Med-Sense Guaranteed Association's Motion for Partial Summary Judgment and Defendant Health Insurance Innovation, Inc.'s Motion for Partial Summary Judgment.

The final question the Court must address arises from Defendant HII's and Defendant MSGA's partial motions for summary judgment. Docs. No. 79, 81. Defendant HII argues that Plaintiff's claim for punitive damages fails. The Court above determined that Plaintiff's claims of bad faith and fraud both fail against Defendant HII. Accordingly, Defendant HII's motion for partial summary judgment is moot.

Defendant MSGA also argues that Plaintiff's claim for punitive damages fails. The Court above determined that Plaintiff's claims of bad faith and fraud both fail against Defendant MSGA. Accordingly, Defendant MSGA's motion for partial summary judgment is moot.

## CONCLUSION

Only one of Plaintiff's claims, bad faith, remains against one Defendant, Defendants Starr. Plaintiff's partial motion for summary judgment against Defendants Starr on her bad faith claim is denied because the Court finds there are genuine disputes of material fact. Defendants Starr's partial motion for summary judgment on punitive damages is likewise denied because the Court finds there are genuine disputes of material fact.

The Court finds there are no genuine disputes of any material fact with regard to any of Plaintiff's fraud claims. Plaintiff failed to clearly and distinctly identify any false representation made to her by any Defendant. Furthermore, Plaintiff failed to clearly and distinctly identify any words or conduct that produced an erroneous impression. As a result, all Defendants are entitled to judgment as a matter of law on Plaintiff's fraud claims. Finally, because the only claim that survives summary judgment does not involve Defendant MSGA nor Defendant HII, their respective partial motions for summary judgment on the issue of punitive damages are denied as moot. Accordingly, it is therefore

**ORDERED** that Plaintiff's motion (Doc. No. 61) asking the Court to grant summary judgment shall be, and is, **DENIED. It is further**

**ORDERED** that Defendant Med-Sense Guaranteed Association's motion (Doc. No. 65) asking the Court to grant summary judgment shall be, and is, **GRANTED. It is further**

**ORDERED** that Defendant Health Insurance Innovations, Inc.'s motion (Doc. No. 67) asking the Court to grant summary judgment shall be, and is, **GRANTED. It is further**

**ORDERED** that Defendant Starr Indemnity & Liability Company's and Starr Companies' motion (Doc. No. 77) asking the Court to grant partial summary judgment shall be, and is, **GRANTED IN PART** and **DENIED IN PART. It is further**

**ORDERED** that Defendant Health Insurance Innovations, Inc.'s motion (Doc. No. 79) asking the Court to grant partial summary judgment shall be, and is, **DENIED AS MOOT**. **It is further**

**ORDERED** that Defendant Med-Sense Guaranteed Association's motion (Doc. No. 81) asking the Court to grant partial summary judgment shall be, and is, **DENIED AS MOOT.**

Dated this _17th_ day of October 2014.

Alan B. Johnson
United States District Judge